## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## (PHILADELPHIA)

| | |
|---|---|
| IN RE:<br>**Alessandro B. Micozzi and Kristi M.**<br>**Micozzi**<br>        Debtors | CHAPTER 13<br><br>CASE NO.: **19-13556-mdc** |

## STIPULATION IN SETTLEMENT OF MOTION TO RECONSIDER ORDER GRANTING RELIEF FROM AUTOMATIC STAY

It is hereby stipulated by and between Hill Wallack, LLP, counsel for Wilmington Trust, National Association, not in its Individual Capacity, but solely as Trustee for MFRA Trust 2014-2, and Brad J. Sadek, Esquire, counsel for the Debtors, as follows:

1.    The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2.    The Stipulation pertains to the property located at 306 Harvard Avenue, Broomall, PA 19008 (the "Property").

3.    The Debtors currently have a post-petition arrearage of $5,985.14, representing the monthly payments due on the First Mortgage from August 1, 2020 through November 1, 2020 (4 months @ $1,974.23/mo.) with $1,911.78 in suspense.

4.    Debtors shall remit in full sums sufficient to satisfy the post-petition mortgage payments described on or before November 18, 2020 to the Creditor Wilmington Trust, National Association, not in its Individual Capacity but solely as Trustee for MFRA Trust 2014-2.

5.    Debtors must remit a payment to the Creditor on or before November 30, 2020, in the amount of $700.00 as reimbursement for the Creditor's attorney fees incurred in relation to the Notice of Default ($200) and Debtor's present motion ($500).

{08360499; 1}

6. Commencing December 1, 2020 and continuing on the 1st day of each consecutive month the Debtors shall continue to make the regular post-petition mortgage payments to the Creditor.

7. Should the Debtors fail to make the payments when due as set forth within paragraphs four (4), five (5) and/or six (6) of this Order, the Creditor shall file a Certification of Default with the Court on notice to Debtors and their counsel. If the default is not cured within ten (10) days of the date of the Certification of Default, the Court shall enter an Order granting relief from the Automatic Stay waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable. This default procedure is limited by agreement for only one default from the terms of this Order.

8. Upon Debtors' second default from the Terms of this Order, the Creditor shall apply to the Court for the entry of an Order Vacating Stay, waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001(a)(3), which Order shall be entered without an opportunity to cure.

9. In the event the Debtors converts to a Chapter 7 during the pendency of this bankruptcy case, the Debtors shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtors fail to bring the loan contractually current, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

10. Debtors' tendering of a check to Wilmington Trust, National Association, not in its Individual Capacity but solely as Trustee for MFRA Trust 2014-2, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

{08360499; 1}

11. The parties stipulate that Movant shall be permitted to communicate with the Debtors and Debtors' Counsel to the extent necessary to comply with applicable non-bankruptcy law.

12. The parties agree that a facsimile signature shall be considered an original signature.


  /s/Angela C. Pattison, Esquire
Counsel for Creditor

Brad J. Sadek, Esquire
Counsel for Debtors


          No Objection


          /s/ LeeAne O. Huggins    November 9, 2020
          William C. Miller, Esq
                    Chapter 13 Trustee


{08360499; 1}